## In re PERELSTINE.

(District Court, W. D. Pennsylvania. September 28, 1925.)

No. 11702.

Bankruptcy ☞377—Testimony to raise contest held not admissible at meeting to consider composition.

At a meeting of creditors called under Bankruptcy Act, § 12a (Comp. St. § 9596), inter alia, to consider an offer of composition, testimony to raise an issue as to the commission by bankrupt of acts which would bar his discharge is not admissible; any such contest being referred by subsection (d) to the court on application for confirmation of an accepted composition.

In Bankruptcy. In the matter of Morris Samuel Perelstine, trading as the Carter Shoe Company, bankrupt. On review of order of referee. Reversed.

Weil, Christy & Weil and Ferdinand T. Weil, all of Pittsburgh, Pa., for Selz, Schwab & Co., Albert H. Weinbrenner Co., and T. K. Ray Co., creditors.

Maurice Chaitkin, of Pittsburgh, Pa., for bankrupt.

L. M. Alpern, of Pittsburgh, Pa., for petitioning creditors.

GIBSON, District Judge. The bankrupt having submitted an offer of composition to his creditors, the court, under the provisions of section 12a of the Bankruptcy Act (Comp. St. § 9596), called a meeting of creditors "for the allowance of claims, examination of the bankrupt, and preservation or conduct" of his estate and for the consideration of such offer of composition as said bankrupt may make. At the meeting, after the examination of the bankrupt, counsel for certain creditors produced a witness and offered to prove by him certain matters which might be material in determining whether the bankrupt had committed acts which would bar his discharge, or acts which might be material in guiding creditors in their action upon the offer of composition. The bankrupt, by his counsel, objected to the testimony on the ground that the meeting had been called solely for the purpose of considering terms of composition and for the examination of the bankrupt under an order of this court, and that the order in question did not contemplate, nor does the law provide for, the examination of witnesses other than the bankrupt. The referee overruled the objection of the bankrupt's counsel, whereupon exception was taken to the refusal, and the matter has been certified to this court for opinion.

The matter is one which calls for some consideration. The learned counsel who produced the witness at the composition hearing has argued, with considerable force, that at a meeting of creditors for the purpose of passing upon an offer of composition any testimony is competent which might properly influence creditors in determining whether to accept or reject the offer. If acts of fraud have been committed by the bankrupt which would prevent his discharge, testimony to establish such acts, it is urged, is within the scope of the statute and order of court by which a meeting of creditors was called, inter alia, "for the consideration of such offer of composition as said bankrupt may make."

An examination of the statute has served to convince us that the argument advanced, while specious, is not sound. One test of the claim might be founded upon the criminal responsibility of a witness called to testify to acts of fraud of a bankrupt who gave false testimony. Would he be subject to a prosecution for perjury? To maintain such a prosecution, the oath must have been one

authorized by a statute of the United States. Certain portions of the Bankruptcy Act, in prescribing meetings and hearings, do, either directly or by implication, authorize the administration of oaths to witnesses by the referee; but in the twelfth section there is no authorization, nor, as we think, any direct implication of such power. In our judgment, a charge of perjury would not lie against a witness called at a meeting to consider an offer of composition.

Section 12 of the act does provide a method for defeating an offer of composition, where the bankrupt has been guilty of practices which would prevent his discharge. By subdivision (d) the court is required to pass upon the composition after acceptance by the creditors. Section 12d is as follows: "The judge shall confirm a composition if satisfied that (1) it is for the best interests of the creditors; (2) the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge; and (3) the offer and its acceptance are in good faith and have not been made or procured except as herein provided, or by any means, promises, or acts herein forbidden."

A single creditor, by exception to the composition may bring the matter before the court for its action. And if the composition be not for the best interests of the creditors, or if the bankrupt has committed any acts or failed to perform duties which would bar his discharge, or has been guilty of fraud, confirmation of the composition must be refused. Prior to the filing of exceptions by a creditor, wherein acts or omissions, preventing a discharge are specifically alleged, no pleadings are in existence which set forth any issue of fact. It would seem to be unfair if a creditor or creditors should be allowed to produce witnesses to establish fraud or other wrong on the part of the bankrupt, without giving the bankrupt sufficient and specific notice of the charge against him. To maintain the contention of counsel for the creditors in the instant matter would undoubtedly place a bankrupt at a serious disadvantage. He would not know the exact charge made against him, and could not produce witnesses to combat it.

In our judgment, the statute does not put him in such a situation. We therefore feel compelled to sustain the exceptions to the ruling of the referee.

### Order of Court.

And now, to wit, September 28, 1925, the order of the referee admitting testimony of Morris Frank at a meeting of creditors for the allowance of claims, examination of the bankrupt, the preservation and conduct of the estate in bankruptcy, and for the consideration of such offer of composition as the bankrupt might make, having been certified to the court for review, upon consideration thereof, after argument of counsel, it is hereby ordered that the ruling of the said referee admitting the testimony of said Morris Frank in evidence is hereby reversed and set aside, and the testimony of said Morris Frank is hereby declared to be incompetent and inadmissible at said hearing.